UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

YVETTE L.[1],

Plaintiff,

v.

FRANK BISIGNANO,[2]
Commissioner of Social Security,

Defendant.

Civil No. 2:22cv532

**FINAL ORDER**

Before the Court is a Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act (the "Motion") (ECF No. 18), as well as an Affidavit (ECF No. 19) and a Memorandum (ECF No. 20) in support thereof, filed by Plaintiff Yvette L. ("Plaintiff") on August 21, 2023. Therein, Plaintiff sought an award of $7,300.82 in attorneys' fees. Mot. at 1, ECF No. 18.

On August 24, 2023, the Commissioner of Social Security (the "Commissioner") filed a response in opposition to the Motion, arguing that the number of hours expended to review the administrative record and prepare Plaintiff's brief was excessive

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Frank Bisignano is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

and unreasonable. Resp. Opp'n at 1, ECF No. 22. On August 30, 2023, Plaintiff filed her reply. Reply, ECF No. 23.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Eastern District of Virginia Local Civil Rule 72, and by order of reference dated July 1, 2025, this matter was referred to United States Magistrate Judge Lawrence R. Leonard ("Judge Leonard") for a report and recommendation ("R&R"). Order, ECF No. 24. On September 12, 2025, Judge Leonard filed an R&R wherein he recommended that Plaintiff's Motion be granted with certain modifications, and that Plaintiff be awarded $6,963.21 in attorneys' fees. R&R at 12, ECF No. 25.

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge within fourteen days. *Id.* at 12–13. Neither party filed any objections. The Motion is therefore ripe for adjudication. When a magistrate judge's disposition has been properly objected to, the district judge must make *de novo* findings with respect to the portions objected to. Fed. R. Civ. P. 72(b)(3). However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (advisory committee's note on rules—1983).[3]

---

[3] "The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review." *Berry v. Hunt*, 13 F. App'x 148, 149 (4th Cir. 2001). As Plaintiff and the Commissioner were so warned, *see* R&R at 13, ECF No. 25, and did not file objections, appellate review of this Order has been waived.

The Court has reviewed the Motion, the R&R, the record, and the governing law, and finds no clear error on the face of the record.

Accordingly, the Court hereby **ORDERS** and **ADJUDGES** as follows:

1. The R&R (ECF No. 25) is **ACCEPTED** and **ADOPTED**.

2. Plaintiff's Motion for Attorneys' Fees Under the Equal Justice Act (ECF No. 18) is **GRANTED with modification**. Plaintiff shall be awarded $6,963.21 in attorneys' fees.

3. It is therefore **ORDERED** that pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Plaintiff is awarded attorney fees in the amount of Six Thousand, Nine Hundred Sixty-Three Dollars and 21/100 Cents ($6,963.21). Full or partial remittance of the award will be contingent upon a determination by the Government that Plaintiff owes no qualifying, pre-existing debt to the Government. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). If such debt exists, then the Government will reduce the awarded attorneys' fees in this Order to the extent necessary to satisfy such debt.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of EAJA. An amount up to the amount awarded herein shall be refunded directly to Plaintiff by her attorney to the extent that this Court may order payment in this matter pursuant to 42 U.S.C. § 406(b)(1)(A).

The Clerk is **DIRECTED** to please provide a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/

Arenda L. Wright Allen
United States District Judge

December 11, 2025
Norfolk, Virginia